UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

James Rhodes,

                Plaintiff,

    -against-

The City of New York; New York City
Parks Enforcement Patrol Sergeant ("Sgt.")
Kervin Charlemagne, Shield No. 418, in their
individual capacity,

                Defendants.
------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 16-CV-400

Plaintiff James Rhodes, by his attorney David B. Rankin of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate the plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983.

2. Plaintiff James Rhodes' rights were violated when he was arrested and subsequently prosecuted without cause.

3. Mr. Rhodes seeks an award of compensatory and punitive damages and attorneys' fees.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a) (3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

1

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that Mr. Rhodes' claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff James Rhodes is, and was at all times relevant to this action, a resident of the State of New York and the County of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Parks Department, and that Parks Department has law enforcement personnel which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of Parks Department and the employment of parks enforcement patrol officers as said risks attach to the public consumers of the services provided by the New York City Parks Department.

9. Defendant, New York City Parks Enforcement Patrol, Sgt. Kervin Charlemagne ("Charlemagne"), was at all times relevant herein, an officer, employee and agent of the New York City Parks Enforcement Patrol, hereinafter ("individual defendant").

10. At all times relevant herein, defendant individual defendant was acting under color of state law in the course and scope of his duties and functions as agent, servant, employee and officer of the New York City Parks Enforcement Patrol, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. He was acting for and on behalf of the New York City Parks Enforcement Patrol at all times relevant herein, with the power and authority vested in him as officer, agent and employee of the New York City Parks Enforcement Patrol and incidental to the lawful

2

pursuit of his duties as officer, employee and agent of the New York City Parks Enforcement Patrol.

11. The defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. Rhodes' rights.

## STATEMENT OF FACTS

12. The events herein complained of occurred primarily around 11:45 a.m. on November 6, 2013 in the vicinity of Washington Square South, between Laguardia Place and Thompson Street, in the City, County, and State of New York.

13. Mr. Rhodes was playing his saxophone inside of Washington Square Park, near the Garibaldi statue, on the morning of November 6, 2013.

14. Sgt. Charlemagne approached Mr. Rhodes and told him to leave the park.

15. Mr. Rhodes did not want to move from his location near the Garibaldi statue.

16. Sgt. Charlemagne placed Mr. Rhodes under arrest.

17. Sgt. Charlemagne, under penalty of perjury, made false statements on the accusatory instrument against Mr. Rhodes. In sum and substance, Sgt. Charlemagne accused Mr. Rhodes of interfering with a permitted film shoot.

18. A permit for the film shoot did not exist on November 6, 2013.

19. Sgt. Charlemagne arrested Mr. Rhodes without a legal basis.

20. Three hundred dollars was taken from Mr. Rhodes.

21. Mr. Rhodes was unable to retrieve his money when he requested it from the City.

22. Mr. Rhodes was in custody until being released on November 7, 2013.

23. All charges against Mr. Rhodes in connection with this incident were adjourned in contemplation of dismissal on May 6, 2014.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against Individual Defendant)

24. Mr. Rhodes incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. The individual defendant, under color of state law, subjected Mr. Rhodes to the foregoing acts and omissions, thereby depriving Mr. Rhodes of his rights, privileges and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from having patrol officers fabricate evidence against him; (e) freedom from retaliatory arrest for protected activities; (f) freedom from a taking without due process of law; and (g) abuse of process.

26. Individual defendant's deprivation of Mr. Rhodes constitutional rights resulted in the deprivation of his liberty, psychological and emotional injury, humiliation, costs and expenses, and loss of income.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against the City of New York)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. At all times material to this complaint, defendant The City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

29. At all times material to this complaint, defendant The City of New York failed to properly train, screen, supervise, or discipline its employees and patrol officers, including defendant Sgt. Charlemagne, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendant.

30. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

31. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

32. Mr. Rhodes demands a trial by jury in this action on each and every one of his damage claims.

///

**WHEREFORE** Mr. Rhodes demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.    That he be awarded punitive damages against the individual defendant; and

    c.    That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:    January 19, 2016
             New York, New York

                                            Respectfully submitted,

                              By:   _____
                                        David B. Rankin
                                        Rankin & Taylor, PLLC
                                        *Attorneys for the Plaintiff*
                                        11 Park Place, Suite 914
                                        New York, NY 10007
                                        t: 212-226-4507
                                        e: david@drmtlaw.com